STATE OF NEW YORK, Respondent, v PRINCESS PRESTIGE CO., INC., et al., Appellants.—Judgment, Supreme Court, New York County, entered September 25, 1975, granting petitioner relief in a proceeding to restrain and enjoin respondents from violating provisions of the Home Solicitation Sales Act (Personal Property Law, art 10-A), unanimously modified, on the law and on the facts, to the extent of deleting therefrom the provision that cancellation cards be furnished to each purchaser who was not furnished with one and, as so modified, the judgment is affirmed, without costs and disbursements. Subdivision 12 of section 63 of the Executive Law provides: "Whenever any person shall engage in repeated fraudulent or illegal acts or otherwise demonstrate persistent fraud or illegality in the carrying on, conducting or transaction of business, the attorney-general may apply, in the name of the people of the State of New York, to the supreme court of the State of New York * * * for an order enjoining the continuance of such business activity or any fraudulent or illegal acts, directing restitution and, in an appropriate case, [directing other relief]". Scrutiny of the record discloses that respondents engaged in activities proscribed by the aforesaid statute. Their contention that the Home Solicitation Sales Law (Personal Property Law, art 10-A, § 425 *et seq.)* has been superseded or pre-empted by Federal law is without merit. The Home Solicitation Sales Law is designed

to confer a private right (see *Matter of Lefkowitz v E.F.G. Baby Prods. Co.,* 40 AD2d 364). The rule of the Federal Trade Commission cited by respondents does not confer a private right and, consistent with the mandate of the commission, merely renders the offensive conduct "an unfair and deceptive act or practice". To phrase it differently, the FTC rule does not afford to a buyer a right of cancellation. It simply authorizes the FTC to halt the offending conduct. Thus viewed, the rule is inapplicable. To hold otherwise would result in the residents of this jurisdiction being unable to pursue any remedy, notwithstanding a violation of the act. However, the judgment of Special Term is overly broad insofar as it directs that cancellation cards (required by Personal Property Law, § 428) be furnished to each purchaser who was not furnished with one. The imposition of this retrospective sanction appears to be beyond the purview of the power granted to the Attorney-General under subdivision 12 of section 63 of the Executive Law (see *Matter of Lefkowitz v E.F.G. Baby Prods. Co., supra).* Settle order on notice. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.